IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| CELLSPIN SOFT, INC.,<br><br>                    Plaintiff,<br><br>    v.<br><br>GARMIN CORPORATION,<br><br>                    Defendant. | Case No. 2:25-cv-950<br><br>**ORIGINAL COMPLAINT FOR INFRINGEMENT OF U.S. PATENT NOS. 8,738,794; 8,892,752; 9,749,847;**<br><br>**DEMAND FOR JURY TRIAL** |



Source: https://www.garmin.com/en-US/c/wearables-smartwatches/

## COMPLAINT FOR PATENT INFRINGEMENT

1. Plaintiff Cellspin Soft, Inc. ("Cellspin" or "Plaintiff"), by and through its undersigned counsel, files this Complaint against Garmin Corporation (collectively, "Garmin" or "Defendant") for infringement of United States Patent Nos. 8,738,794 ("the '794 Patent"), 8,892,752 ("the '752 Patent"), and 9,749,847 ("the '847 Patent") (collectively, the "Patents-in-Suit"), and alleges as follows:

## NATURE OF THE ACTION

2. This is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 et seq., including 35 U.S.C. §§ 271, 281, 283, and 284, to obtain damages and injunctive relief resulting from Defendant's unauthorized actions of making, having made, using, selling, offering to sell, and/or importing into the United States products that infringe or enable the infringement of one or more claims of the Patents-in-Suit. The Patents-in-Suit cover methods and systems for automatic multimedia upload and data transfer from Bluetooth-enabled data capture devices to web services via mobile devices with minimal user intervention.

## THE PARTIES

3. Plaintiff, Cellspin Soft, Inc. ("Cellspin"), is a corporation with an office and place business at 2784 Homestead Rd PMB 116, Santa Clara, CA 95051.

4. Upon information and belief, Defendant Garmin Corporation is a corporation organized and existing under the laws of Taiwan, with a principal place of business at No. 68, Zhangshu 2nd Road, Xizhi District, New Taipei City, Taiwan. Garmin Corporation manufactures Garmin products, including those accused of infringement, for importation and sale in the United States, including this Judicial District.

5. Defendant designs, manufactures, makes, uses, markets, offers to sell, sells,

and/or imports Garmin Smartwatch Products, Garmin Avionics Products, Garmin Marine Product and Garmin Automotive Products configured to capture data and automatically transfer it via Bluetooth to mobile devices and web services, using various Garmin mobile apps, including the products accused of infringement in this Complaint, into the United States, including this Judicial District. Garmin maintains authorized apps, retailers, and sales representatives in the United States and in this District that offer to sell and sell these products.

## JURISDICTION AND VENUE

6.    Plaintiff incorporates by reference the allegations contained in paragraphs above.

7.    This action arises under the patent laws of the United States, 35 U.S.C. § 1 et seq., including 35 U.S.C. §§ 271, 281, 283, and 284. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332(a), and 1338(a).

8.    This Court has personal jurisdiction over Garmin because: (i) it conducts substantial business in Texas and this District, including sales and offers to sell the accused products (e.g., Garmin Venu, Fenix, Instinct smartwatches, Garmin GTN 750Xi Avionics, inReach Mini 2 Marine Bundle, DriveSmart 66) and mobile applications (Garmin Connect, Garmin Explore, Garmin Pilot, Garmin Drive), through authorized retailers (e.g., Best Buy, Walmart, Amazon, Dick's Sporting Goods, Hartsell Avionics (Authorized Garmin Aviation Dealer), Academy Sports + Outdoors) and digital platforms (Apple App Store, Google Play Store); (ii) it has purposefully availed itself of the privileges of conducting business in Texas by targeting Texas consumers through marketing, e-commerce, and distribution channels; (iii) it maintains continuous and systematic contacts in Texas through its sales, customer support, and app downloads by Texas users; and (iv) it places the accused products and apps in the stream of commerce, knowing they are sold and used in Texas and this District. For example, Garmin's website

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

https://www.garmin.com/ directs Texas consumers to local retailers, and its apps are downloaded extensively in Texas, deriving substantial revenue. *See Slyde Analytics LLC v. Garmin Ltd.*, Case No. 2:24-cv-00215-JRG-RSP (E.D. Tex. 2024), Doc. 39, p. 10.

9.    This Court has personal jurisdiction over Garmin Corporation because: (i) as a foreign corporation organized under the laws of Taiwan, it is subject to jurisdiction in any U.S. district under 28 U.S.C. § 1391(c)(3); (ii) it purposefully directs activities to the United States and this District by manufacturing the accused products for importation and sale in Texas; and (iii) it places the accused products in the stream of commerce, knowing they are imported and sold in Texas through Garmin's Texas-directed sales channels.

10.  Venue is proper in this Judicial District under 28 U.S.C. § 1400(b) for Garmin International, Inc. because it has committed acts of infringement in this District through sales and offers to sell the accused products and apps and maintains a regular and established place of business through its authorized retail and distribution channels in Texas, including in Marshall.

11.  Venue is proper for Garmin Corporation under 28 U.S.C. § 1391(c)(3) as a foreign corporation. This District's propriety is reinforced by related litigation involving the same patents, including *Cellspin Soft, Inc. v. Fossil Group, Inc.,* Case No. 2:25-cv-00683-JRG-RSP (E.D. Tex. July 3, 2025), which establishes judicial efficiency through shared discovery and claim construction.    Additionally, Defendant has also had other cases in this District post *TC Heartland*, which confirms venue propriety in Marshall for Defendant.

12.  The Federal Circuit's guidance supports retaining venue in EDTX absent a clearly more convenient forum, particularly given the synergy with the related *Cellspin v. Fossil* case. See *In re Google LLC*, 58 F.4th 1372, 1376 (Fed. Cir. 2023); *see also In re SAP America, Inc*., No. 25-118 (Fed. Cir. April 2025).

### PATENTS-IN-SUIT

13.  Plaintiff incorporates by reference the allegations contained in paragraphs above.

14.  "Patents are presumed valid, and each patent claim is 'presumed valid independently of the validity of other claims.'" *Kowa Co., Ltd. v. Amneal Pharms*., LLC, No. 14-CV-2758 (PAC), 2017 WL 10667089, at *6 (S.D.N.Y. Sept. 19, 2017) (*citing* 35 U.S.C. § 282) *aff'd*, 745 F. Appx 168 (Fed. Cir. 2018).

15.  "Patent examiners are owed deference and are 'presumed to have considered' prior art references listed on the face of a patent." *Id. (citing Shire, LLC v. Amneal Pharm., LLC*, 802 F.3d 1301, 1307 (Fed. Cir. 2015)). Defendant's "have the added burden of overcoming the deference that is due to a qualified government agency presumed to have properly done its job, which includes one or more examiners who are assumed to have some expertise in interpreting the references and to be familiar from their work with the level of skill in the art and whose duty it is to issue only valid patents." *Id. (quoting PowerOasis, Inc. v. T-Mobile USA*, Inc., 522 F.3d 1299, 1304 (Fed. Cir. 2008)).

16.  By operation of law, the Patents-in-Suit originally issued and exclusively vested to Cellspin Soft, Inc. as of the issue date of the Patents-in-Suit.  *See* 35 U.S.C. § 261; *Schwendimann v. Arkwright Advanced Coating, Inc*., 959 F.3d 1065, 1072 (Fed. Cir. 2020); *Suppes v. Katti*, 710 Fed. Appx. 883, 887 (Fed. Cir. 2017); *Taylor v. Taylor Made Plastics, Inc*., 565 Fed. Appx. 888, 889 (Fed. Cir. 2014).

17.  United States Patent No. 8,738,794, entitled "Automatic Multimedia Upload for Publishing Data and Multimedia Content," was duly and legally issued by the United States Patent and Trademark Office (USPTO) on May 27, 2014, after a full and thorough examination. A true and correct copy is attached as **Exhibit A.**

18.  United States Patent No. 8,892,752, entitled "Automatic Multimedia Upload for Publishing Data and Multimedia Content," was duly and legally issued by the USPTO on November 18, 2014, after a full and thorough examination. A true and correct copy is attached as **Exhibit B**.

ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

19.  United States Patent No. 9,749,847, entitled "Automatic Multimedia Upload for Publishing Data and Multimedia Content," was duly and legally issued by the USPTO on August 29, 2017, after a full and thorough examination. A true and correct copy is attached as **Exhibit C.**

20.  Plaintiff is the assignee of all right, title, and interest in and to the Patents-in-Suit and possesses all rights of recovery, including the right to recover damages for past, present, and future infringement and to obtain injunctive relief.

21.  The Patents-in-Suit are presumed valid under 35 U.S.C. § 282, and each patent claim is presumed valid independently of the validity of other claims.

22.  The Patents-in-Suit cover innovative methods and systems for automatically transferring data, such as fitness or physiological metrics, from a Bluetooth-enabled data capture device (e.g., a smartwatch) to a mobile device (e.g., a smartphone) via a secure paired Bluetooth connection, and subsequently to a web service (e.g., a cloud server) using HTTP, with minimal user intervention. Some of the key features include Bluetooth pairing, signal notifications, event notifications, polling, cryptographic authentication, and automatic data upload to web services.

23.  A variety of well-known companies and a multitude of USPTO examiners have cited the Patents-in-Suit in the prosecution of these companies' patent applications including, Samsung, Nokia, Citrix Systems, Amazon Technologies, Microsoft, and Google.[1] This shows the importance of the technology to leading technology providers.

24.  The USPTO Examiners did thorough search for prior art looking into at least these twelve (12) recorded classifications:

    a.  "H04N1/00307 Connection or combination of a still picture apparatus with another apparatus, *e.g.* for storage, processing or transmission of still picture signals or of information associated with a still picture with a telecommunication apparatus, *e.g.* a switched network of teleprinters

---

[1] *See https://patents.google.com/patent/US9749847B2* as last visited on June 5, 2025.

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

for the distribution of text-based information, a selective call terminal with a mobile telephone apparatus;"

b. "G06F3/005 Input arrangements through a video camera;"

c. "H04L67/04 Protocols specially adapted for terminals or networks with limited capabilities; specially adapted for terminal portability;"

d. "H04N1/00103 Systems or arrangements for the transmission of the picture signal specially adapted for radio transmission, *e.g.* via satellites;"

e. "H04N1/00103 - Systems or arrangements for the transmission of the picture signal specially adapted for radio transmission, *e.g.* via satellites;"

f. "H04N1/00 - Scanning, transmission or reproduction of documents or the like, e.g. facsimile transmission; Details thereof;"

g. "H04N1/00095 - Systems or arrangements for the transmission of the picture signal;"

h. "H04N1/00106 - Systems or arrangements for the transmission of the picture signal specially adapted for radio transmission, *e.g.* via satellites using land mobile radio networks, e.g. mobile telephone;"

i. "H04N1/00108 - Systems or arrangements for the transmission of the picture signal specially adapted for radio transmission, *e.g.* via satellites of digital signals;"

j. "H04N1/00127 Connection or combination of a still picture apparatus with another apparatus, e.g. for storage, processing or transmission of still picture signals or of information associated with a still picture;"

k. "H04N1/00204 Connection or combination of a still picture apparatus with another apparatus, *e.g.* for storage, processing or transmission of still picture signals or of information associated with a still picture with a digital computer or a digital computer system, *e.g.* an internet

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

server;"

l. "H04N21/4223 Cameras;"

m. "H04N21/6131 Network physical structure; Signal processing specially adapted to the downstream path of the transmission network involving transmission via a mobile phone network;"

n. "H04W4/02 Services making use of location information;"

o. "H04W4/023 Services making use of location information using mutual or relative location information between multiple location based services [LBS] targets or of distance thresholds;"

p. "H04W4/21 Services signaling; Auxiliary data signaling, *i.e.* transmitting data via a non-traffic channel for social networking applications;"

q. "H04W4/80 Services using short range communication, *e.g.* near-field communication [NFC], radio-frequency identification [RFID] or low energy communication;" and

r. "H04N2201/0084 Digital still cameras."

## GARMIN ACCUSED INSTRUMENTALITIES

25.  Defendant infringes, and/or induces others to infringe, the asserted patent claims with its "Accused Instrumentalities," which include: (1) Garmin Venu 2 Plus (released January 2022), (2) Garmin Fenix 7 Series (released January 2022), (3) Garmin Epix (Gen 2) (released January 2022), (4) Garmin Instinct 2 Series (released February 2022), (5) Garmin Vivosmart 5 (released April 2022), (6) Garmin Forerunner 255 / 255 Music (released June 2022), (7) Garmin Forerunner 955 / 955 Solar (released June 2022), (8) Garmin Instinct Crossover (released November 2022), (9) Garmin Forerunner 265 / 265S (released March 2023), (10) Garmin Forerunner 965 (released March 2023), (11) Garmin Approach S70 (released June 2023), (12) Garmin Venu 3 / 3S (released August 2023), (13) Garmin Vivoactive 5 (released September 2023), (14) Garmin Lily 2 (released January 2024), (15)

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Garmin Forerunner 165 / 165 Music (released February 2024), (16) Garmin Instinct 3 / 3 Solar (released Jan 2025), (17) Garmin Fenix 8 Series (released August 2024), (18) Garmin Enduro 3 (released August 2024), (19) Garmin Fenix E (released August 2024), (20) Garmin Tactix 8 Series (released October 2024),  (21) Garmin Vivoactive 6, (22) Garmin Instinct 3 Tactical, (23) Garmin Forerunner 570, (24) Garmin Forerunner 970, (25) Garmin Tactix 8 AMOLED, (26) Garmin Venu X1, (27) Garmin Descent G2, (28) Garmin Quatix 8 (released in 2025) (collectively, the "Garmin Smartwatch Accused Instrumentalities"). These products are Bluetooth-enabled data capture devices designed to capture user fitness metrics (e.g., heart rate, steps, SpO2, sleep) and automatically transfer data via a secure Bluetooth connection to a mobile device running the Garmin Connect app, both for iOS and Android (https://www.garmin.com/en-US/p/125677/pn/010-D1303-01/) and, certain products (e.g., Fenix, Instinct, Forerunner, Quatix, Descent, Epix and Tactix series), also works in conjunction with Garmin Explore app to capture navigation data (e.g., waypoints, routes) and automatically transfer the data via a secure Bluetooth connection to a mobile device running the Garmin Explore app, both for iOS and Android (https://www.garmin.com/en-US/p/614327/pn/010-EXPLR-00/), and, certain products (e.g., Approach series), also works in conjunction with Garmin Golf app to capture golf data (e.g., acceleration, distance) and automatically transfer the data via a secure Bluetooth connection to a mobile device running the Garmin Golf app both for iOS and Android (https://www.garmin.com/en-US/p/590068/)which then upload to web services (e.g., Garmin's servers) using HTTP/HTTPS. The Garmin Connect, Garmin Explore and Garmin Golf apps, as described on Garmin's website https://www.garmin.com/en-US/c/apps/, enable seamless connectivity and data management for these products.

26. The Garmin Smartwatch Products feature the following technical specifications, which enable the infringing functionality:

27. Garmin Venu 2 Plus (2022): AMOLED display, 1 GB RAM, 4 GB storage,

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Bluetooth 5.0+, sensors (heart rate, SpO2, accelerometer, gyroscope, GPS), compatibility with Android 7.0+ and iOS 14.0+. Pairs via Bluetooth to Garmin Connect app, tracks fitness metrics (e.g., steps, heart rate, sleep), and uploads data to web services.

28. Garmin Fenix 7 Series (2022): Multisport touchscreen, 1 GB RAM, 16 GB storage, Bluetooth 5.0+, sensors (heart rate, SpO2, GPS, barometer), solar charging options, compatibility with Android and iOS. Pairs via Bluetooth to Garmin Connect and Explore apps, tracks multisport data, and uploads to web services.

29. Garmin Epix (Gen 2) (2022): AMOLED display, 1 GB RAM, 16 GB storage, Bluetooth 5.0+, sensors (heart rate, SpO2, GPS, maps), compatibility with Android and iOS. Pairs via Bluetooth to Garmin Connect and Explore apps, tracks fitness data, and uploads to web services.

30. Garmin Instinct 2 Series (2022): Rugged design, 1 GB RAM, 32 MB storage, Bluetooth 5.0+, sensors (heart rate, GPS, accelerometer), solar options, compatibility with Android and iOS. Pairs via Bluetooth to Garmin Connect and Explore apps, tracks fitness metrics, navigation data, and uploads to web services.

31. Garmin Vivosmart 5 (2022): Fitness band, Bluetooth 5.0+, sensors (heart rate, SpO2, accelerometer), connected GPS, compatibility with Android and iOS. Pairs via Bluetooth to Garmin Connect app, tracks fitness metrics, and uploads to web services.

32. Garmin Forerunner 255 / 255 Music (2022): 1 GB RAM, 4 GB storage, Bluetooth 5.0+, sensors (heart rate, GPS, accelerometer), music storage option, compatibility with Android and iOS. Pairs via Bluetooth to Garmin Connect and Explore apps, tracks running/triathlon data, and uploads to web services.

33. Garmin Forerunner 955 / 955 Solar (2022): Touchscreen, 1 GB RAM, 8 GB storage, Bluetooth 5.0+, sensors (heart rate, SpO2, GPS, HRV), solar option, compatibility with Android and iOS. Pairs via Bluetooth to Garmin Connect and Explore apps, tracks multisport data, and uploads to web services.

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

34. Garmin Instinct Crossover (2022): Hybrid analog-digital, 1 GB RAM, 64 MB storage, Bluetooth 5.0+, sensors (heart rate, GPS, accelerometer), solar option, compatibility with Android and iOS. Pairs via Bluetooth to Garmin Connect and Explore apps, tracks fitness metrics, and uploads to web services.

35. Garmin Forerunner 265 / 265S (2023): AMOLED display, 1 GB RAM, 8 GB storage, Bluetooth 5.0+, sensors (heart rate, SpO2, GPS), compatibility with Android and iOS. Pairs via Bluetooth to Garmin Connect and Explore apps, tracks running data, and uploads to web services.

36. Garmin Forerunner 965 (2023): AMOLED display, 1 GB RAM, 8 GB storage, Bluetooth 5.0+, sensors (heart rate, SpO2, GPS, maps), compatibility with Android and iOS. Pairs via Bluetooth to Garmin Connect and Explore apps, tracks multisport data, and uploads to web services.

37. Garmin Approach S70 (2023): Golf-focused, AMOLED display, 1 GB RAM, 8 GB storage, Bluetooth 5.0+, sensors (heart rate, GPS), compatibility with Android and iOS. Pairs via Bluetooth to Garmin Connect and Golf apps, tracks fitness and golf data, and uploads to web services.

38. Garmin Venu 3 / 3S (2023): AMOLED display, 1 GB RAM, 8 GB storage, Bluetooth 5.0+, sensors (heart rate, SpO2, ECG, GPS), compatibility with Android and iOS. Pairs via Bluetooth to Garmin Connect app, tracks fitness and health metrics, and uploads to web services.

39. Garmin Vivoactive 5 (2023): AMOLED display, 1 GB RAM, 4 GB storage, Bluetooth 5.0+, sensors (heart rate, SpO2, GPS), compatibility with Android and iOS. Pairs via Bluetooth to Garmin Connect app, tracks fitness metrics, and uploads to web services.

40. Garmin Lily 2 (2024): Stylish design, Bluetooth 5.0+, sensors (heart rate, SpO2, accelerometer), connected GPS, compatibility with Android and iOS. Pairs via Bluetooth to Garmin Connect app, tracks fitness metrics, and uploads to web services.

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

41. Garmin Forerunner 165 / 165 Music (2024): AMOLED display, 1 GB RAM, 4 GB storage, Bluetooth 5.0+, sensors (heart rate, GPS), music option, compatibility with Android and iOS. Pairs via Bluetooth to Garmin Connect and Explore apps, tracks running data, and uploads to web services.

42. Garmin Instinct 3 / 3 Solar (2025): Rugged design, Bluetooth 5.0+, sensors (heart rate, GPS, dive features), solar charging, compatibility with Android and iOS. Pairs via Bluetooth to Garmin Connect and Explore apps, tracks fitness metrics, and uploads to web services.

43. Garmin Fenix 8 Series (2024): AMOLED or MIP display, 1 GB RAM, 16 GB storage, Bluetooth 5.0+, sensors (heart rate, SpO2, GPS, dive features), compatibility with Android and iOS. Pairs via Bluetooth to Garmin Connect and Explore apps, tracks multisport data, and uploads to web services.

44. Garmin Enduro 3 (2024): Ultra-endurance, MIP display, 1 GB RAM, 16 GB storage, Bluetooth 5.0+, sensors (heart rate, GPS, solar charging), compatibility with Android and iOS. Pairs via Bluetooth to Garmin Connect and Explore apps, tracks fitness data, and uploads to web services.

45. Garmin Fenix E (2024): Multisport, AMOLED display, 1 GB RAM, 8 GB storage, Bluetooth 5.0+, sensors (heart rate, SpO2, GPS), compatibility with Android and iOS. Pairs via Bluetooth to Garmin Connect and Explore apps, tracks fitness data, and uploads to web services.

46. Garmin Tactix 8 Series (2024): Tactical, AMOLED display, 1 GB RAM, 16 GB storage, Bluetooth 5.0+, sensors (heart rate, GPS, dive features), compatibility with Android and iOS. Pairs via Bluetooth to Garmin Connect and Explore apps, tracks fitness data, and uploads to web services.

47. Garmin Vivoactive 6 (2025): AMOLED display, 1 GB RAM, 8 GB storage, Bluetooth 5.0+, sensors (heart rate, SpO2, GPS, dual-band GNSS), compatibility with Android and iOS. Pairs via Bluetooth to Garmin Connect app, tracks fitness data, and uploads to web services.

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

48. Garmin Instinct 3 Tactical: Launched on April 24, 2025, this tactical variant of the Instinct 3 features an AMOLED display, Bluetooth 5.0+, sensors (heart rate, SpO2, GPS, night vision compatibility), multi-band GNSS, 1 GB RAM, 16 GB storage, stealth mode, and a kill switch. It pairs via Bluetooth to Garmin Connect and Explore apps on Android and iOS, tracking fitness and tactical data with web uploads. Designed for military use, it supports waypoint projection and rugged durability, with up to 30 days of battery life.

49. Garmin Forerunner 570: Released on May 15, 2025, this running and triathlon-focused watch features an AMOLED display, Bluetooth 5.0+, sensors (heart rate, SpO2, multi-band GPS), training readiness metrics, a built-in microphone for calls, 1 GB RAM, and 16 GB storage. It pairs via Bluetooth to Garmin Connect and Explore apps on Android and iOS, tracking running dynamics, VO2 Max, and multisport data with web uploads. It offers up to 14 days of battery life, catering to runners and triathletes.

50. Garmin Forerunner 970: Launched on May 15, 2025, this premium running and triathlon watch includes an AMOLED display, Bluetooth 5.0+, sensors (heart rate, SpO2, multi-band GPS, barometer), training readiness, a built-in microphone, 1 GB RAM, and 32 GB storage. It pairs via Bluetooth to Garmin Connect and Explore apps on Android and iOS, tracking advanced multisport metrics and uploading to web services. With topographic maps and up to 18 days of battery life, it's ideal for serious athletes.

51. Garmin Tactix 8 AMOLED: Released in February 2025, this tactical watch comes in 47mm and 51mm sizes with an AMOLED display, Bluetooth 5.0+, sensors (heart rate, SpO2, GPS, dive features), multi-band GNSS, 1 GB RAM, and 32 GB storage. It supports night vision compatibility and stealth mode, pairing via Bluetooth to Garmin Connect and Explore apps on Android and iOS for fitness and tactical data tracking with web uploads. It offers up to 28 days of battery life and features like applied ballistics.

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

52. Garmin Venu X1: Slated for June 2025, this lifestyle and fitness watch features an AMOLED display, Bluetooth 5.0+, sensors (heart rate, SpO2, GPS), voice control, 1 GB RAM, and 16 GB storage. It pairs via Bluetooth to Garmin Connect and Explore apps on Android and iOS, tracking steps, sleep, and stress with web uploads. With music streaming and up to 12 days of battery life, it's designed for casual fitness users.

53. Garmin Descent G2: Launched on February 12, 2025, this dive-focused watch, based on Instinct technology, features an AMOLED display, Bluetooth 5.0+, sensors (heart rate, SpO2, GPS, dive computer up to 200 meters), 1 GB RAM, and 16 GB storage. It pairs via Bluetooth to Garmin Connect and Explore apps on Android and iOS, tracking dive and fitness data with web uploads. It includes tide data and Fenix-style buttons, with up to 20 days of battery life.

54. Garmin Quatix 8: Released on June 25, 2025, this marine-focused watch, based on Fenix technology, features an AMOLED display, Bluetooth 5.0+, sensors (heart rate, SpO2, GPS, barometer), 1 GB RAM, and 32 GB storage. It pairs via Bluetooth to Garmin Connect and Explore apps on Android and iOS, tracking fitness and marine data with web uploads. With autopilot control and up to 25 days of battery life, it's tailored for boating.

55. The Garmin Connect, Garmin Explore, and Garmin Golf apps, developed and distributed by Garmin International, Inc. for iOS and Android, enable automatic data capture, event notifications (e.g., new data availability), polling, cryptographic authentication, and data transfer to web services. Pair the Garmin Smartwatch Products with their smartphones, grant permissions (e.g., Bluetooth, motion, notifications), and the apps automatically sync data (e.g., steps, heart rate, sleep, navigation data) to Garmin's servers via HTTP/HTTPS, requiring minimal user action post-setup. Defendant actively market and support sales of the Garmin Smartwatch Products and apps through Garmin's website https://www.garmin.com/, authorized retailers (e.g., Best Buy, Amazon), and service centers in this District.

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

56. Defendant infringes, and/or induces others to infringe, the asserted patent claims with its avionics products, including: (1) Garmin GTN 750Xi (released 2020), (2) Garmin GTN 650Xi (released 2020), (3) Garmin G3000 (released for OEM integrations), and (4) Garmin G1000 NXi (released 2017, updated post-2020) (collectively, the "Garmin Avionics Products"). These products are Bluetooth-enabled data capture devices designed to capture aviation data (e.g., GPS coordinates, flight plans) and automatically transfer it via a secure Bluetooth connection to a mobile device running the Garmin Pilot app (https://www.garmin.com/en-US/aviation/garminpilot/overview/), which then uploads to web services (e.g., Garmin's flyGarmin.com servers and/or other Garmin servers) using HTTP/HTTPS. The Garmin Pilot app, as described on Garmin's website https://www.garmin.com/en-US/aviation/garminpilot/overview/, enables seamless connectivity and data management for these products.

57. The Garmin Avionics Products feature the following technical specifications, which enable the infringing functionality:

58. Garmin GTN 750Xi: 6.9" touchscreen, Bluetooth via Flight Stream 510 or 210, GPS/WAAS, compatibility with iOS/Android.

59. Garmin GTN 650Xi: 6.9" touchscreen, Bluetooth via Flight Stream 510 or 210, GPS/WAAS, compatibility with iOS/Android.

60. Garmin G3000: Touchscreen, integrated Bluetooth or Flight Stream 510, GPS/WAAS, compatibility with iOS/Android.

61. Garmin G1000 NXi: Integrated avionics suite, Bluetooth via Flight Stream 510 or 210, GPS/WAAS, compatibility with iOS/Android.

62. These Garmin Avionics Products pair with smartphones via Bluetooth (using Flight Stream 510, 210, or integrated modules) through the Garmin Pilot app. They capture and transfer data such as GPS coordinates, routes, waypoints, flight plans, aircraft data, device metadata, and diagnostic logs. The app relays this data to Garmin servers for live services (e.g., ADS-B traffic, SiriusXM/global weather) and

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

syncs GPS-based flight logs (e.g., path, duration) to flyGarmin.com servers and/or Garmin servers, as confirmed by app listings. Additional data, such as anonymized analytics and account authentication details (device/system ID, settings), is also uploaded. All devices support offline navigation with preloaded databases, with server interaction limited to user-initiated live services or logbook sync.

63. The Garmin Avionics Products infringe the Patents-in-Suit by using secure Bluetooth connections to automatically transfer aviation data to smartphones and web services with minimal user intervention, mirroring the functionality detailed in the '794, '752, and '847 Patents. Evidence includes Garmin Pilot app listings and product manuals available at https://support.garmin.com/en-US/?productID=606798&tab=topics.

64. Defendant infringes, and/or induces others to infringe, the asserted patent claims with its Marine product, such as Garmin inReach Mini 2 Marine Bundle (released February 2022). These products are Bluetooth-enabled data capture devices designed to capture navigation and device-specific data (e.g., GPS, messages) and automatically transfer it via a secure Bluetooth connection to a mobile device running the Garmin Explore app (https://www.garmin.com/en-US/p/614327/pn/010-EXPLR-00/), and upload to web services (e.g., Garmin's servers) using HTTP/HTTPS.

65. Garmin inReach Mini 2 Marine Bundle: Bluetooth 5.0+, GPS/GLONASS/Galileo, compatibility with Android/iOS. inReach Mini 2 pair with smartphones via Bluetooth through Garmin Explore app. They capture and transfer data such as GPS coordinates, routes, waypoints, trip data, device-specific data, and device metadata to Garmin Explore app. The app relay this data to Garmin servers for live services (e.g., tracking, Quickdraw Community sharing) and cloud backup of logbook data (e.g., routes, messages). Anonymized analytics and account authentication data (device ID, settings) are also uploaded. All devices support full offline functionality with preloaded maps or databases, with server interaction

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

limited to user-initiated live services (e.g., messaging, map sharing).

66. The Garmin inReach Mini 2 infringe the Patents-in-Suit by using secure Bluetooth connections to automatically transfer navigation and device-specific data to smartphones and web services with minimal user intervention, aligning with the '794, '752, and '847 Patents. Evidence includes app listings and product pages at https://www.garmin.com/en-US/c/marine/.

67. Defendant infringes, and/or induces others to infringe, the asserted patent claims with its Automotive products, including: (1) Garmin DriveSmart 66 (released October 2021), (2) Garmin DriveSmart 76 (released October 2021), and (3) Garmin DriveSmart 86 (released October 2021) (collectively, the "Garmin Automotive Products"). These products are Bluetooth-enabled data capture devices designed to capture navigation data (e.g., GPS, trip data) and automatically transfer it via a secure Bluetooth connection to a mobile device running the Garmin Drive app (https://www.garmin.com/en-US/p/666925/), which then uploads to web services (e.g., Garmin's servers) using HTTP/HTTPS.

68. The Garmin Automotive Products feature the following technical specifications, which enable the infringing functionality:

69. Garmin DriveSmart 66: 6" display, Bluetooth 5.0+, GPS, compatibility with Android/iOS.

70. Garmin DriveSmart 76: 7" display, Bluetooth 5.0+, GPS, compatibility with Android/iOS.

71. Garmin DriveSmart 86: 8" display, Bluetooth 5.0+, GPS, compatibility with Android/iOS.

72. These Garmin Automotive Products pair with smartphones via Bluetooth through the Garmin Drive app. They capture and transfer data such as GPS coordinates, and notification triggers for app alerts (e.g., calls, texts). The app relays this data to Garmin servers for live services (e.g., traffic, parking) and cloud backup of logbook data (e.g., routes, trip history). Anonymized analytics and account

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

authentication data (device ID, settings) are also uploaded. All devices support full offline navigation with preloaded maps, with server interaction limited to live services when connected.

73. The Garmin Automotive Products infringe the Patents-in-Suit by using secure Bluetooth connections to automatically transfer navigation data to smartphones and web services with minimal user intervention, consistent with the '794, '752, and '847 Patents. Evidence includes app listings and product pages at https://www.garmin.com/en-US/c/automotive/.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 8,738,794

74. Plaintiff refers to and incorporates herein the allegations in the above paragraphs.

75. United States Patent No. 8,738,794 (the "'794 Patent") was duly and legally issued by the USPTO after a full and examination presumed to be thorough.

76. Defendant has directly infringed, and continues to directly infringe, the '794 Patent pursuant to 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by making, using, selling, offering to sell, and/or importing the Garmin Smartwatch Products, Garmin Avionics Products, Garmin Marine Product, and Garmin Automotive Products, which practice the methods claimed in the '794 Patent, including certain claims, within the United States and this District.

77. For example, Garmin International, Inc. practices the claimed methods by testing, demonstrating, and using the Garmin Smartwatch Products, which acquire fitness data (e.g., heart rate, steps), navigation data (e.g., waypoints) and golf data (e.g., acceleration), and automatically transfer it via Bluetooth to a paired mobile device running the Garmin Connect, Garmin Explore or Garmin Golf apps, and upload it to a web service (e.g., Garmin's servers) with a user identifier. Garmin Corporation directly infringes by manufacturing and importing the accused products for U.S. sales. *See* **Exhibits D (for Forerunner 165, for '794 Patent)**.

78. For example, Garmin International, Inc. practices the claimed methods by

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

testing, demonstrating, and using the Garmin Automotive Products, which acquire GPS-related data, and automatically transfer it via Bluetooth to a paired mobile device running the Garmin Drive app, and upload it to a web service (e.g., Garmin's servers) with a user identifier. Garmin Corporation directly infringes by manufacturing and importing the accused products for U.S. sale by Garmin International, Inc. *See* **Exhibits E (for DriveSmart 66, for '794 Patent)**.

79. For example, Garmin International, Inc. practices the claimed methods by testing, demonstrating, and using the Garmin Avionics Products, which acquire flight-related data (e.g., wind data, GPS coordinates), and automatically transfer it via Bluetooth to a paired mobile device running the Garmin Pilot app, and upload it to a web service (e.g., flyGarmin.com and/or Garmin's servers) with a user identifier. Garmin Corporation directly infringes by manufacturing and importing the accused products for U.S. sales. *See* **Exhibits F (for GTN 750Xi, for '794 Patent).**

80. For example, Garmin practices the claimed methods by testing, demonstrating, and using the Garmin Marine Product, which acquire navigation related data (e.g., GPS coordinates), and automatically transfer it via Bluetooth to a paired mobile device running the Garmin Explore app, and upload it to a web service (e.g., Garmin's servers) with a user identifier. Garmin Corporation directly infringes by manufacturing and importing the accused products for U.S. sale by Garmin. *See* **Exhibits G (for inReach Mini 2, for '794 Patent).**

81. Defendant has indirectly infringed, and continues to indirectly infringe, the '794 Patent pursuant to 35 U.S.C. § 271(b) by actively inducing direct infringement by others, including customers and end-users, in this District and elsewhere in the United States. Defendant's customers use the Garmin Avionics Products, Garmin Marine Product, Garmin Automotive Products, and Garmin Smartwatch Products in their normal and customary manner (e.g., pairing with a smartphone via the Garmin Pilot, Garmin Explore, Garmin Drive, Garmin Golf or Garmin Connect app, syncing

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

data such as flight-related data, navigation data, GPS information, and fitness data), which infringes certain claims of the '794 Patent. Garmin International, Inc. induces such infringement by: (i) providing the Garmin Smartwatch Products, Avionics Products, Marine Product, Automotive Products and the Garmin Connect, Golf, Pilot, Drive and Explore apps for iOS and Android; (ii) offering detailed instructions, including user manuals, and start guides at (for Forerunner 165: https://www8.garmin.com/manuals/webhelp/GUID-607F08F6-33FC-40BF-9727-84E54043D82D/EN-US/Forerunner_165_Series_OM_EN-US.pdf), (for inReach Mini 2: https://www8.garmin.com/manuals/webhelp/GUID-802DEF62-EBB2-463C-8C51-C58FB29F89E3/EN-US/inReach_Mini_2_OM_EN-US.pdf), (for GTN 750Xi: https://static.garmin.com/pumac/190-02327-03_g.pdf), (for DriveSmart 66: https://www8.garmin.com/manuals/webhelp/GUID-6E5DFD2E-EEE4-4EF3-89BC-AACD1B4936C7/EN-US/DriveSmart_66-76-86_with_Alexa_OM_EN-US.pdf) and YouTube videos (e.g., "Garmin Connect App: Getting Started"); (iii) marketing the products on its website https://www.garmin.com/ and through retailers (e.g., Best Buy, Amazon) with claims of seamless Bluetooth syncing; and (iv) providing customer support that encourages use of the infringing functionality. Garmin Corporation induces infringement by manufacturing and supplying the accused products to Garmin International, Inc., knowing they will be sold with apps and instructions encouraging infringing use. These actions demonstrate Defendant's specific intent to encourage customers to infringe the '794 Patent.

82. Defendant has had actual notice of the '794 Patent since at least June 2017, via a licensing letter sent by Cellspin to Andrew Etkind, VP, GC & Secretary and David Ayres, Assistant General Counsel IP, identifying the '794 Patent and Garmin's infringing products. Defendant's continued infringement post-notice is willful, entitling Plaintiff to enhanced damages under 35 U.S.C. § 284.

83. Defendant also contributes to infringement of the '794 Patent pursuant to 35

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

U.S.C. § 271(c) by selling and offering to sell the Garmin Avionics Products, Garmin Marine Product, Garmin Automotive Products, and Garmin Smartwatch Products and the Garmin Connect, Garmin Drive, Garmin Pilot and Garmin Explore apps, which are material components of the claimed methods, knowing they are especially adapted for infringing use and not suitable for substantial non-infringing use. For example, the Garmin Connect, Golf, Drive, Pilot and Explore apps have no technical use absent Bluetooth data transfer from the Garmin Smartwatch Products, as confirmed by Garmin's website, support materials and app descriptions.

84. Defendant's direct and indirect infringement has caused Plaintiff irreparable harm, entitling Plaintiff to damages under 35 U.S.C. § 284 and injunctive relief under 35 U.S.C. § 283.

85. To the extent Defendant's continues its infringing activities post-notice of the '794 Patent, such infringement is willful, wanton, malicious, bad-faith, deliberate, and/or consciously wrongful, qualifying this as an exceptional case entitling Plaintiff to enhanced damages, including treble damages, pursuant to 35 U.S.C. § 285.

86. Each of Defendant's aforesaid activities has been without authority and/or license from Plaintiff.

## <u>COUNT II – INFRINGEMENT OF U.S. PATENT NO. 8,892,752</u>

87. Plaintiff refers to and incorporates herein the allegations in the above paragraphs.

88. United States Patent No. 8,892,752 (the "'752 Patent") was duly and legally issued by the USPTO after a full and examination presumed to be thorough.

89. Defendant has directly infringed, and continue to directly infringe, the '752 Patent pursuant to 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by making, using, selling, offering to sell, and/or importing the Garmin Smartwatch Products, Garmin Avionics Products, Garmin Marine Product, and Garmin Automotive Products, which practice the methods claimed in the '752 Patent, including certain claims, within the United States and this District.

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

90. Garmin practices the claimed methods by testing, demonstrating, and using the Garmin Smartwatch Products, which acquire fitness data (e.g., heart rate, steps), navigation data (e.g., waypoints) and golf data (e.g., acceleration), and automatically transfer it via Bluetooth to a paired mobile device running the Garmin Connect, Garmin Explore or Garmin Golf apps, and upload it to a web service (e.g., Garmin's servers) with a user identifier. Garmin directly infringes by manufacturing and importing the accused products for U.S. sale. ***See* Exhibits H (for Forerunner 165, for '752 Patent).**

91. For example, Garmin practices the claimed methods by testing, demonstrating, and using the Garmin Automotive Products, which acquire GPS-related data, and automatically transfer it via Bluetooth to a paired mobile device running the Garmin Drive app, and upload it to a web service (e.g., Garmin's servers) with a user identifier. Garmin directly infringes by manufacturing and importing the accused products for U.S. sale by Garmin. ***See* Exhibits I (for DriveSmart 66, for '752 Patent).**

92. For example, Garmin practices the claimed methods by testing, demonstrating, and using the Garmin Avionics Products, which acquire flight-related data (e.g., wind data, GPS coordinates), and automatically transfer it via Bluetooth to a paired mobile device running the Garmin Pilot app, and upload it to a web service (e.g., flyGarmin.com and/or Garmin's servers) with a user identifier. Garmin Corporation directly infringes by manufacturing and importing the accused products for U.S. sale by Garmin. ***See* Exhibits J (for GTN 750Xi, for '752 Patent).**

93. For example, Garmin practices the claimed methods by testing, demonstrating, and using the Garmin Marine Product, which acquire navigation related data (e.g., GPS coordinates), and automatically transfer it via Bluetooth to a paired mobile device running the Garmin Explore app, and upload it to a web service (e.g., Garmin's servers) with a user identifier. Garmin directly infringes by manufacturing and importing the accused products for U.S. sale by Garmin. ***See***

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

**Exhibits K (for inReach Mini 2, for '752 Patent).**

94. Defendant has indirectly infringed, and continue to indirectly infringe, the '752 Patent pursuant to 35 U.S.C. § 271(b) by actively inducing direct infringement by others, including customers and end-users, in this District and elsewhere in the United States. Defendant's customers use the Garmin Avionics Products, Garmin Marine Product, Garmin Automotive Products, and Garmin Smartwatch Products in their normal and customary manner (e.g., pairing with a smartphone via the Garmin Connect, Golf, Drive, Pilot or Explore apps, syncing data), which infringes certain claims of the '752 Patent. Garmin International, Inc. induces such infringement through product sales, app distribution, instructions, marketing, and customer support. Garmin Corporation induces infringement by supplying the accused products, knowing they will be sold with apps and instructions encouraging infringing use. These actions demonstrate Defendant's specific intent to encourage customers to infringe the '752 Patent.

95. Defendant has had actual notice of the '752 Patent since at least June, 2017, via a licensing letter sent by Cellspin to Andrew Etkind, VP, GC & Secretary and David Ayres, Assistant General Counsel IP, identifying the '794 Patent and Garmin's infringing products. Defendant's continued infringement post-notice is willful, entitling Plaintiff to enhanced damages under 35 U.S.C. § 284.

96. Defendant contributes to infringement of the '752 Patent pursuant to 35 U.S.C. § 271(c) by selling the Garmin Smartwatch Products, Garmin Marine Product, Garmin Avionics Products, Garmin Automotive Products, and the Garmin Connect, Golf, Explore, Pilot, and Drive apps, which are material to the claimed methods, knowing they are adapted for infringing use and lack substantial non-infringing use.

97. Defendant's direct and indirect infringement has caused Plaintiff irreparable harm, entitling Plaintiff to damages under 35 U.S.C. § 284 and injunctive relief under 35 U.S.C. § 283.

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

98. To the extent Defendant continues its infringing activities post-notice of the '752 Patent, such infringement is willful, wanton, malicious, bad-faith, deliberate, and/or consciously wrongful, qualifying this as an exceptional case entitling Plaintiff to enhanced damages, including treble damages, pursuant to 35 U.S.C. § 285.

99. Each of Defendant's aforesaid activities has been without authority and/or license from Plaintiff.

### COUNT III – INFRINGEMENT OF U.S. PATENT NO. 9,749,847

100.     Plaintiff refers to and incorporates herein the allegations in the above paragraphs.

101.     United States Patent No. 9,749,847 (the "'847 Patent") was duly and legally issued by the USPTO after a full and examination presumed to be thorough.

102.     Defendant has directly infringed, and continues to directly infringe, the '847 Patent pursuant to 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by making, using, selling, offering to sell, and/or importing the Garmin Smartwatch Products, Garmin Avionics Products, Garmin Marine Product, and Garmin Automotive Products which embody the systems claimed in the '847 Patent, including certain claims, within the United States and this District.

103.     For example, at the direction and control of Garmin practices the claimed methods by testing, demonstrating, and using the Garmin Smartwatch Products, which acquire fitness data (e.g., heart rate, steps), navigation data (e.g., waypoints) and golf data (e.g., acceleration), and automatically transfer it via Bluetooth to a paired mobile device running the Garmin Connect, Garmin Explore or Garmin Golf apps, and upload it to a web service (e.g., Garmin's servers) with a user identifier. Garmin Corporation directly infringes by manufacturing and importing the accused products for U.S. sale by Garmin. **See Exhibits L (for Forerunner 165, for '847 Patent)**.

104.     For example, Garmin directs and controls Garmin International, Inc., which practices the claimed methods by testing, demonstrating, and using the

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Garmin Automotive Products, which acquire GPS-related data, and automatically transfer it via Bluetooth to a paired mobile device running the Garmin Drive app, and upload it to a web service (e.g., Garmin's servers) with a user identifier. Garmin Corporation directly commits infringement by manufacturing and importing the accused products for the U.S. sales. *See* **Exhibits M (for DriveSmart 66, for '847 Patent).**

105.    For example, Garmin directs and controls practices the claimed methods by testing, demonstrating, and using the Garmin Avionics Products, which acquire flight-related data (e.g., wind data, GPS coordinates), and automatically transfer it via Bluetooth to a paired mobile device running the Garmin Pilot app, and upload it to a web service (e.g., flyGarmin.com and/or Garmin's servers) with a user identifier. Garmin directly infringes by manufacturing and importing the accused products for U.S. sales. *See* **Exhibits N (for GTN 750Xi, for '847 Patent).**

106.    For example, Garmin practices the claimed methods by testing, demonstrating, and using the Garmin Marine Product, which acquire navigation related data (e.g., GPS coordinates), and automatically transfer it via Bluetooth to a paired mobile device running the Garmin Explore app, and upload it to a web service (e.g., Garmin's servers) with a user identifier. Garmin directly infringes by manufacturing and importing the accused products for U.S. sales. *See* **Exhibits O (for inReach Mini 2, for '847 Patent).**

107.    Defendant has indirectly infringed, and continues to indirectly infringe, the '847 Patent pursuant to 35 U.S.C. § 271(b) by actively inducing direct infringement by others, including customers and end-users, in this District and elsewhere in the United States. Defendant's customers use the Garmin Avionics Products, Garmin Marine Product, Garmin Automotive Products, and Garmin Smartwatch Products in their normal and customary manner (e.g., pairing with a smartphone via the Garmin Pilot or Explore or Drive or Golf or Connect apps, syncing data), which infringes certain claims of the '847 Patent. At the direction and

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

control Garmin induces such infringement through product sales, app distribution, instructions, marketing, and customer support. Garmin induces infringement by supplying the accused products, knowing they will be sold with apps and instructions encouraging infringing use. These actions demonstrate Defendant's' specific intent to encourage customers to infringe the '847 Patent.

108.     Defendant has had actual notice of the '847 Patent since at least June 2017, via a licensing letter sent by Cellspin that shared the same specification to Andrew Etkind, VP, GC & Secretary and David Ayres, Assistant General Counsel IP, identifying the Cellspin Patents.  Defendant's continued infringement post-notice is willful, entitling Plaintiff to enhanced damages under 35 U.S.C. § 284.

109.     Defendant contributes to infringement of the '847 Patent pursuant to 35 U.S.C. § 271(c) by selling the Garmin Smartwatch Products and the Garmin Connect and Explore apps, which are material to the claimed systems, knowing they are adapted for infringing use and lack substantial non-infringing use.

110.     Defendant's direct and indirect infringement has caused Plaintiff irreparable harm, entitling Plaintiff to damages under 35 U.S.C. § 284 and injunctive relief under 35 U.S.C. § 283.

111.     To the extent Defendant continues its infringing activities post-notice of the '847 Patent, such infringement is willful, wanton, malicious, bad faith, deliberate, and/or consciously wrongful, qualifying this as an exceptional case entitling Plaintiff to enhanced damages, including treble damages, pursuant to 35 U.S.C. § 285.

112.     Each of Defendant's aforesaid activities has been without authority and/or license from Plaintiff.

## PRAYER FOR RELIEF

113.     Plaintiff respectfully requests the Court enter judgment in its favor and against Defendant as follows:

      i.     Finding that Defendant has directly and/or indirectly infringed certain

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

claims of the Patents-in-Suit;

ii.    Awarding Plaintiff damages under 35 U.S.C. § 284, including treble damages for willful infringement, and damages for post-verdict infringement;

iii.    Awarding Plaintiff pre-judgment and post-judgment interest and costs;

iv.    Declaring this case exceptional and awarding Plaintiff reasonable attorney fees under 35 U.S.C. § 285;

v.    Issuing a permanent injunction under 35 U.S.C. § 283 enjoining Defendant and its affiliates from infringing the Patents-in-Suit;

vi.    Granting such other and further relief as the Court deems just and proper

## JURY DEMAND

114.    Plaintiff hereby requests a trial by jury including pursuant to Rule 38 of the Federal Rules of Civil Procedure on all issues so triable.

ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Dated:  September 16, 2025                Respectfully Submitted


                                         */s/ Randall Garteiser*
                                         Randall Garteiser
                                           Texas Bar No. 24038912
                                           rgarteiser@ghiplaw.com
                                         Christopher A. Honea
                                            Texas Bar No. 24059967
                                           chonea@ghiplaw.com
                                         M. Scott Fuller
                                           Texas Bar No. 24036607
                                           sfuller@ghiplaw.com

                                         **GARTEISER HONEA, PLLC**
                                         119 W. Ferguson Street
                                         Tyler, Texas 75702
                                         Telephone: (903) 705-7420
                                         Facsimile: (903) 284-5200

                                         **ATTORNEYS FOR PLAINTIFF**

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**